FILED
JUN 1 5 2023
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY

United States District Court
Western District of Texas
San Antonio Division

Allen "F" Calton
Plaintiff

V

Texas Dept. Crim. Justice et al
Defendants

Civil Action: 23-CV-00231-FB

Plaintiff's Memorandum Of Law In Support of His Motion For Preliminary Injunction

To The Honorable Court:

Now Comes Plaintiff Allen "F" Calton, the Plaintiff [Hereafter referred to as Calton] and files this his memorandum of Law In Support of His Motion For Preliminary Injunction. Will show in support with the below argument and authorities

I

The Legal Standard

To obtain a preliminary Injunction Calton must establish "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest" See Janvey v Alguire 647 F3d 585, 595 (5th Cir 2011); Nichols v Alcatel U.S.A, Inc

552 F3d 364, 372 (5th Cir 2008). "At the preliminary injunction stage, the procedures in the district court are less formal, and the district court may rely on otherwise inadmissible evidence, including hearsay evidence". See Sierra Club, Lonestar Chapter v F.D.I.C. 992 F2d 545, 551 (5th Cir 1993)

None of the four requirements has a fixed quantitative value. See Texas v Seatrain Int'l S.A. 518 F2d 175, 180 (5th Cir 1975). Therefore, in applying the four-part test, "a sliding scale is utilized, which takes into account the, intensity of each in a given calculus". Id. This requires "a delicate balancing of the probabilities of ultimate success at final hearing with the consequences of immediate injury that possibly could flow from the denial of preliminary relief". See Klitzman, Klitzman and Gallagher v Kurt 744 F2d 955, 958 (3dCir 1984)

The decision to grant or deny a preliminary injunction is discretionary with the district court. See Miss. Power and Light Co. v/ United Gas Pipe Line Co. 760 F2d 618, 621 (5th Cir 1985). Although preliminary injunction is an extraordinary remedy, and that it, "should, not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements". See Planned Parenthood Ass'n of Hidalgo Cty. Tex. Inc. v Suehs 692 F3d 343, 348 (5th Cir 2012)

The Eighth Amendment expressly "punishment" that is "cruel and unusual". See U.S. Const Amend VIII "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones". See Farmer v Brennan 511 U.S. 825, 832 (1994) (internal quotation marks and citation

omitted). The Eighth Amendment imposes a duty on prison officials to provide "humane conditions of confinement" by ensuring that inmates receive adequate food, clothing, shelter and medical care, and that "reasonable measures" are taken for inmate safety. Id

To prevail on a "conditions of confinement" claim under the Eighth Amendment, an inmust must establish that (1) the condition complained of is insufficiently serious" to implicate constitutional protection and (2) prison officials acted with "deliberate indifference" to inmate heath or safety" Id at 834. (Quoting Wilson v Seiter 501 U.S. 294, 298 (1991)). In other words First "the deprivation alleged must be objectively, sufficiently serious"; Id at 834 (internal quotation mark and citation s omitted). Conditions of confinement that deprive an inmate of "the minimal civilized measure of life necessities . . . are sufficiently grave to form the basis of an Eighth Amendment Violation" See Wilson 501 U.S. at 298 (Internal quotation mark and citation omitted). Second, the plaintiff must show that the prison official acted with deliberate indifference to that known risk. See Farmer 511 U.S. at 834.

In order to satisfy the first requirement, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm" Id. With regard to the second requirement, the supreme Court explained that "deliberate indifference entails something more than mere negligence . . . but something less than acts or omissions for the purpose of causing harm or with knowledge that harm will result. Id at 835. The Court defined the "deliberate indif-

ference" standard as equal to "recklessness", in which "a person disregards a risk of harm of which he is aware" Id at 836-37. The Eighth Amendment also protects against future harm to an inmate. See Helling v Mc Kinney 509 U.S. 25, 33 (1993). Thus making clear Calton should not have to endure the heat of the 2023 summer. In light of the substantial risk of harm serious as death.

II

Conditions Of Confinement That Entails A Heat Susceptible Prisoner To Extreme Deadly Texas Summer Violates 8Th Amendt.

It is undisputed as a matter of law and as a matter of fact that Calton is under a substantial risk of serious injury or death as a result of the summer heat conditions at the connally unit at this time. The Fifth Circuit has found extreme heat prisons to violate the Eighth Amendment when insufficient mitigation measures are used. See Ball v LeBlanc 792 F3d 584 (5th Cir 2015) (affirming necessity of injunctive relief to protect inmates from indoor temperatures); Gates v Cook 376 F3d 323, 339 (5th Cir 2004) (same). Also see Yates v Collier 868 F3d 354, 360 (5th Cir 2017) ("It is well established in our circuit "that the Eighth Amendment guarantees inmates a right to be free from exposure to extremely dangerous temperature without adequate remedial measures") (citing Hinojosa v Livingston 807 F3d 657, 669 (5th Cir 2015) See Also Ball v LeBlanc 792 F3d 584 (5th Cir 2015), on remand at 223 F.Supp3d (MD. La 2016) (ordering relief providing temperatures below 88°F, without

requiring air conditioning:")

Deliberate indifference is defined as a failure to act where prison officials have known of a substantial risk of serious harm to inmate's health or safety. See Farmer 511 U.S. at 837. Although the deliberate indifference standard is an "extreme high" standard to meet. See Dominoe v Texas Dept. of Criminal Justice 239 F3d 752, 756 (5th Cir 2001). A prison offical is not liable found deliberate indifferent unless the offical knows of and disregards an excessive risk to an inmate's health or safety. Id. The officer must be aware of facts from which the inference could be drawn that a sub-stantial risk of serious harm exists, and he must also actually draw the inference. Id. whether the prison official had the requisite knowledge of a substantial risk is a question of fact subject to demon-stration in the usual ways, including inference from the circumstan-tial evidence". See 792 F3d at 594 (Quoting Farmer 511 U.S at 826). However, a prisoner offical's knowledge of a substan-tial risk of harm may be inferred if thee risk was obvious, See Farmer 511 U.S. at 829.

In this case its undisputed that Defendants generally sued herein are intimately aware of the risk of substantial harm or death to Calton from April 15 thru October 15 of each year. The Court can take Judicial of Cole v Collier 2017 U.S. Dist. Lexis 112095 Civil Action No. 4:14-cv-1698 where preliminary injunctive relief was granted there on July 19, 2017. Indistinguishable from the preliminary injunctive relief Calton seeks herein. The Court can further take judicial notice of Cole v Collier 2018 U.S.

Cist. 97110 Civil Action No. 4-14-CV-1698 where the defendants sued herein i.e. TDCJ and Director Bryan Collier settled and agreed to lower the temperature at the Pack Unit housing area to below 88' degrees heat index on June 18, 2018.

It is well established that the aforementioned cases can be judicial noticed by this court in resolution of the instant motion and reasonably affording Calton relief the heat. See Gray ex rel Rudd v Beverly Enterprises Mississippi Inc 390 F3d 400, 407 n.7 (5th Cir 2004) ("Judicial records are public records of which the court may take judicial notice"). The defendants having been compelled to lower the temperature in the housing area of a Texas prison where heat sensitive prisoners were housed. And then defendants settling to provide those same prisoners cool housing areas until there current incarceration ends, collaterally estops defendants from contesting the issues here which are indistinguishable from the issues there. In other words defendants have no defense here. Put differently defendants are foreclosed from relitigation of the heat sensitive type claims. See Mc Duffie v Estelle 935 F2d 682, 685-86 (5th Cir 1991); Benjamin v Coughlin 905 F2d 571, 575-76 (2d Cir 1990) (state court decision that religious restrictions were unconstitutional estopped the state from defending them in federal court), cert den. 111 S Ct 372 (1990). Simply put liability there makes clear defendants are liable to Calton as a well established heat sensitive prisoner.

III

Irreparable Injury

When an alleged deprivations of constitutional right is involved ... most courts hold no further showing of irreparable injury is necessary" see 11 A Wright and Miller, Federal Practice and Procedure § 2941.1 (3d ed 1998) See also O'Donnell v Harris Cnty. WL 1735456 at *81 (S.D. Tex. Apr. 28, 2017). With the Court having judicial noticed Cole v Collier supra above as requested. Establishes without a doubt that a heat sensitive prisoner such as Calton face a particular high risk of suffering from heat related illness. Heat sensitive inmates face a particular high risk of suffering from heat related illness, as their thermoregulatory functions are compromised. This factor weighs strongly in favor of Calton for injunctive relief. see Ball v Leblanc 988 F.Supp.2d 639, 688 (M.D. La. 2013) ("irreparable from heat in Louisiana death that created a high probability of developing heat related illness")

IV

Balancing Harm

Courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief". see Amoco Prod Co. v Village of Gambell, Alaska 480 U.S. 531, 542 (1987) "In exercising this sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction". see Weinberger v Romero-Barcelo 456 U.S. 305, 312 (1982) (citation omitted). Notwithstanding

any "fiscally Catastrophic" plea by the TDCJ defendants may contend. Defendants must remedy the constitutional violation. The Fifth Circuit has held that "inadequate resources can never be an adequate justification for depriving any person of his constitutional rights" See udey v Kastner 805 F2d 1218, 1220 (5th Cir 1986). Affording Calton a cool bed in 12 Building here on the Connally Unit will not not undermine the security of the prison.

In light of the court's power to afford substantial discretion to prison officials to implement the remedy in a way that takes into consideration all of the security concerns inherent a prison. Accordingly by housing Calton in 12 Building will allow public safety to be maintained and thus public safety will not be compromised. Conversely if the court were to fail to grant Calton the relief requested herein instanter, Calton's safety would be severely undermined, leading to a substantial risk of irreparable physical injury of heat stroke or possible death with the 2023 summer upon us. Accordingly this factor also weighs heavily in calton's favor.

V

The Public Interest

It is always in the public interest to prevent the violation of a party's constitutional rights. See O'Donnell v Harris Cnty F.Supp.3d 2017 WL1735456 at *83 (citing Simms v District Of Columbia 872 F.Supp2d 90, 105 (D.DC 2012) (Collecting Cases). The Court can reasonably find that since Calton's rights are continuously being violated each summer

in the extremely hot Texas Heat he experiences in the general housing areas of the Connally unit without climate control un-like 12 Building where the temperature never exceeds 88' degrees heat index. Accordingly this factor weighs heavily in Calton's favor in the court granting Preliminary Injunction.

VI

Bond

A federal court may waive the bond requirement F.R.C.P. 65(c); City of Atlanta v Metro Atlanta Rapid Transit Auth 636 F2d 1084, 1094 (5th Cir 1981); Corrigan Dispatch Co. v Casa Guzman S.A. 569 F2d 300, 303 (5th Cir 1978). And thus in light of Calton's continued incarceration for the last 21 years. With no way to earn money while incarcerated in a Texas prison. Waiving bond in this case would be appropriate. See Wayne Chem. Inc. v Columbus Agency Serv. Corp. 567 F2d 692, 701 (7th Cir 1977) In addition to the fact that Calton brings this suit to enforce constitutional rights. See Atlanta 636 F2d at 1094.

VII

Under the Prison Litigation Reform Act (PLRA), in any Civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for Preliminary injunctive relief. Preliminary Injunctive Relief must be nar-

rowly drawn, an extend no further necessary to correct to correct the harm the court finds requires preliminary relief and be the least intrusive means necessary to correct the harm.

Here Calton seeks no more than to be housed on 12 Building in the Connally Unit. At least from April 15 thru October 15 thru his current incarceration up until he is released. In 12 Building the temperature does not exceed 88° degrees heat index. Thus although the PLRA greatly limits a court's ability to fashion Injunctive Relief. See Ball 792 F3d 598. And although and plaintiff such as Calton is not entitled to the most effective available remedy. Such as install air conditioning in the housing areas Calton is generally housed in on the Connally Unit i.e. 3 Building and 4 Building. Both of which currently have no air conditioning in the prisoner housing area. Calton is entitled to a remedy that will eliminate the constitutional injury. Such as this court compelling the defendants to house Calton in 12 Building from April 15 thru October 15 until he is released from prison on his current incarceration. Id at 599, Citing Westerfer v Neal 682 F3d 679, 683-84 (7th Cir 2012) "In Eighth Amendment cases, plaintiffs can only obtain remedy that reduces the risk to socially acceptable level. Id. Since Calton has beyond established his likelihood of

success of his Eighth Amendment claim related to the Deadly Texas Extreme Heat. In light of the court judicially noticing Cole v Collier, supra generally. By showing that indistinguishable as the Texas Prison in the Cole v Collier, supra case. So too at the Texas Connally Unit Prison subjects Calton to a substantial risk of serious injury or death which is significantly higher for Calton as a heat sensitive inmate.

Thus the court should make clear in the most expeditious manner with summer Texas Deadly Heat upon us. Be housed in 12 Building on the Connally Unit where the temperature there must be maintained below 88° F heat index (apparent temperature). Due to there are already heat sensitive prisoners housed on 12 Building at the Connally Unit. Due to obvious health concerns for prisoners currently housed on 12 Building. Calton has been temporarily housed on 12 Building on many occasions and when this court compels Calton to be housed on 12 Building. Calton will be housed along with other heat sensitive prisoners on 12 Building in the appropriate designated area; with prisoners who are under the same custody level as Calton.

Although the court's decision may be difficult. The court should remember that the punishment of men and women who have been convicted of crimes in our society is limited by the bound of the Eighth Amendment. "Institutions charged with safeguarding the public have an

extraordinary trust and difficult task. The difficulty and importance of the task cannot defeat an equally impor-tance of the task cannot defeat an equally important public trust . . . to enforce the constitution = See O'Donnel v Harris City F.Supp 3d 2017 WL 1735456 at * 89 (S.D. Tex. Apr. 28, 2017)

Calton's clear likelihood of success on the merits of the claims at trial the irreparable injuries that will be suffered without an order of relief from this court, the public interest, and relative weight of the harms should the Court refuse relief weigh strongly in Plaintiff's favor. Accordingly, the requested relief should ordered

Respectfully Submitted,

Allen F Calton

United States District Court
Western District Of Texas
San Antonio Division

Allen "F" Calton
Plantiff

v

Tex. Dept. Crim. Justice, etal
Defendants

Civil Action No. 23-CV-00231-FB

Plantiff's Order To show Cause and Temporary Restraining Order

Upon the supporting Declaration of the Plantiff and the accompanying memorandum of law, it is

Ordered that defendants Texas Depart of Criminal Justice, Executive Director of TDCJ Bryan Collier and Connally Unit warden Edmundo Cuetto show cause in room ___ of the United States Courthouse, Judge Fred Biery courtroom 262 W. Nueva St, SAN Antonio, TX 78207, on the ___ day of __________, 2023, at ___ O' Clock, why a preliminary injunction should not issue pursuant to Rule 65(a), Fed R.Civ.P., enjoining the said defendants, their successors in office, agents and employees and all other persons acting in concern and participation with them, to provide a temperature appropriate housing area for Allen "F" Calton #1123880 to reside in from April 15th thru October 15th where the tempera-

ture will remain below 88° degrees heat index (apparent temperature).

It is further ordered that effective immediately, and pending the hearing and determination of this order to show cause, the defendants named above shall house Calton in 12 Building at all times between April 15th and October 15,

It is Further Ordered that this order to show cause, and all other papers attached to this application, shall be served on Defendants Texas Department of Criminal Justice, Executive Director Bryan Collier and Connally unit Edmundo Cuetto by ______________, 2023, and the U.S. Marshals Service and/or the Court Appointed process server in this case at Calton's expense

Signed this ____ day of ______________, 2023

______________________
Judge Presiding

Allen "F" Colton #1123880
Connally Unit
899 FM 632
Kenedy, Tx. 78119
CERTIFIED MAIL
7019 1120 0001 1338 4032
SCREENED BY CSO
JUN 15 2023
RECEIVED
JUN 15 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY
DEPUTY CLERK
U.S. POSTAGE PAID
FCM LG ENV
KENEDY, TX
78119
JUN 14, 23
AMOUNT
$0.00
R2305H130972-09
RDC 99
78207
U.S. District Court
Office of The Clerk
262 W. Nueva St.
San Antonio, Tx. 78207

